# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 06-313 LJO |
| Plaintiff, | **ORDER ON MOTION TO REDUCE SENTENCE** |
| vs. | |
| SAMNUEK BUMNA, | |
| Defendant. | |

## BACKGROUND

Defendant Samnuek Bunma ("defendant") filed the instant motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) on July 11, 2011. This is defendant's third motion to reduce his sentence. The basis for defendant's current motion is the Fair Sentencing Act (the "FSA"), Pub. L. No. 111-220, and the emergency, temporary amendments to the United States Sentencing Guidelines (the "guidelines") promulgated to implement the FSA.

On March 20, 2009, defendant pled guilty to violations of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2–possession of marijuana with intent to distribute and aiding and abetting. On May 7, 2010, defendant was sentenced to 27 months in custody and 60 months supervised release with conditions.

Defendant asserts that the amendments to the guidelines became effective on November 10, 2010 and act to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). For the following reasons, this motion is DENIED.

## DISCUSSION

Defendant moves to reduce his sentence based on the FSA. The FSA provides for a cocaine sentencing disparity reduction. Defendant, who was sentencing for a crime involving marijuana, has not established that the FSA applies to reduce his sentence. Accordingly, defendant's motion is

1 | DENIED for failure to state a claim.

Even if the FSA applied to his sentence, the FSA does not apply retroactively. The Ninth Circuit Court of Appeals recently held that the General Savings Statute, 1 U.S.C. §109, prevents retroactive application of the FSA. *United States v. Baptist*, – F.3d. –, 2011 WL 2150993 (9th Cir. 2011). That is, the General Savings Statute precludes this Court from reducing defendant's sentence pursuant to the FSA, because he was sentenced prior to the enactment of the FSA. Accordingly, to the extent that defendant moves this Court to reduce his sentence pursuant to the FSA, that motion is DENIED.

Defendant also moves to reduce his sentence pursuant to the amendments to the sentencing guidelines. The emergency amendments to the sentencing guidelines are silent on the issue of retroactivity. Because the emergency amendments do not provide for retroactive applicability of the FSA, defendant's motion is DENIED.

The final sentencing guidelines amendments are proposed to have a retroactive effect; however, the final sentencing guidelines shall not take effect until November 11, 2011. Accordingly, to the extent that defendant moves for relief based on the final amendments, defendant's motion to reduce his sentence based on the amendments is not ripe. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). This Court cannot apply the retroactive sentencing guidelines until they take effect in November 2011. Accordingly, this Court DENIES defendant's motion to reduce his sentence.

### Conclusion

For the foregoing reasons, defendant's motion to reduce his sentence is DENIED. IT IS SO ORDERED.

Dated:    **July 15, 2011**           /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE